IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERT ABERCROMBIE,

       Plaintiff,

vs.                            No. 1:08-cv-1033 MCA/RHS

TOM VILSACK, SECRETARY OF
THE U.S. DEPARTMENT OF AGRICULTURE,

       Defendant.

**MEMORANDUM OPINION AND ORDER**

    **THIS MATTER** is before the Court on *Plaintiff, Robert Abercrombie's Brief In Support Of Enforcement Of NAD Appeal Decision 2007W000521* [Doc 38], filed on February 1, 2010.  Having considered the Administrative Record [Docs 23, 25] , the applicable law, and otherwise being fully advised in the premises, the Court determines that Plaintiff has not established grounds for treating the National Appeals Division (NAD) order of remand as a final agency action or for setting it aside under the Administrative Procedure Act (APA).  Accordingly, the Court dismisses *Plaintiff, Robert Abercrombie's First Amended Complaint* [Doc 26] without prejudice.

**I.**     **BACKGROUND**

    As of 2002, Plaintiff, Robert Abercrombie, was a participant in the Continuous Conservation Reserve Program.  [Administrative Record (AR) 068; Doc 39-1 at 3]  As a part of that program, Plaintiff had a contract (CRP) covering 50 acres.  Pursuant to the CRP,

Plaintiff was required to engage in specific conservation practices—specifically, to spray for salt cedars—by September 2004. [Id.]  Due a dispute regarding ownership of the acreage, Plaintiff was instructed by the Farm Service Agency (FSA) to discontinue any required conservation practices until the dispute was resolved.  [Id.]  In 2005, Plaintiff again did not spray for salt cedars because of damage from a severe hailstorm.  [Id.]  In both 2004 and 2005, Plaintiff's conservation plan was revised to reflect the inability to spray.  [Id.]

In September 2006, the FSA Quay County Committee (County Committee) sent Plaintiff a letter, reminding him that he was required to spray for salt cedars by the end of September 2006.  [Id.]  On September 12, 2006, Plaintiff contacted a service provider in order to arrange for the spraying; however he was informed by the service provider that it was too late in the season and that spraying was impossible.  [AR 069; Doc 39-1 at 4]  As a result, Plaintiff again submitted a revised conservation plan, with an extended deadline for salt-cedar spraying.  [Id.]  The County Committee held a meeting on September 27, 2006 and disapproved his revised conservation plan.  [Id.]  The County Committee concluded that it did not have the authority to extend the time for compliance with a conservation practice beyond 36 months.  [Id.]  Plaintiff was not invited to the meeting, but instead was informed of the decision by letter on October 26, 2006.  [Id.]

Plaintiff's CRP was terminated by the County Committee on November 8, 2006.  [AR at 070; Doc 39-1 at 5]  He requested reconsideration on December 5, 2006, which was denied on December 12, 2006.  [Id.]  He appealed the determination to the FSA State Committee, which upheld the County Committee's ruling.  [Id.]  After that, Plaintiff appealed to the

NAD.  [AR 066; Doc 39-1 at 1]  The NAD assigned a hearing officer, who convened a

hearing on August 21, 2007.  [AR 067; Doc 39-1 at 2]  The NAD hearing officer reversed

the earlier decisions and issued the following determination:

> The FSA [County Committee] should consider [Plaintiff's] revised
> [conservation plan] using the proper regulations and handbook provisions.
> The [County Committee] must make a good faith determination in accordance
> with § 1410.52(b) and § 718.304(a), and applicable hand book provisions, to
> determine whether to recommend reinstating [Plaintiff's] CRP contract.  If the
> [County Committee] recommends that DAFP grant [Plaintiff] relief, the
> [County Committee] should use FSA procedures and forward its
> recommendation to the [State Committee].  If the [County Committee] does
> not recommend reinstating [Plaintiff's] CRP contract, FSA should send
> [Plaintiff] an adverse decision and provide [Plaintiff] with appeal rights to
> NAD.

[AR 075; Doc 39-1 at 10]  Thus, NAD remanded the issue to the County Committee for

additional proceedings.

On March 13, 2008, the County Committee found that Plaintiff did not act in good

faith, and Plaintiff appealed to the State Committee.  [Supplemental Administrative Record

(SAR) 158, 014; Doc 39-2 at 1; 39-4 at 1]  Again, the State Committee upheld the County

Committee's determination.  [SAR 020; Doc 39-2 at 7]  Plaintiff again pursued an appeal

with the NAD.  [SAR 025-26]

Before the second appeal with the NAD could come to fruit, however, Plaintiff filed

the instant action in this Court.  [Doc 1]  The NAD suspended Plaintiff's second appeal,

pending the outcome of this case.  [SAR 41]  In his amended complaint, Plaintiff makes

substantive and procedural due process claims.  Specifically, he alleges that the FSA has

failed to abide by the order from the NAD and that as a result, the agency deprived him of

his property and liberty interests without due process of law.  [Doc 26 at 23-24]  Plaintiff

further alleges that the decisions of the FSA are arbitrary, capricious, and in excess of

authority.  [Id. at 24]  This Court instituted a briefing schedule, the parties have complied,

and the issues are ripe for decision.

## II.    ANALYSIS

Plaintiff's *First Amended Complaint* makes a detailed request for relief from this

Court:

> 112.    Issue a judgment declaring that the conduct of the [FSA] complained
> of in this action violates and threatens [Plaintiff's] right to Due Process
> of Law guaranteed by the Fifth Amendment to the United States
> Constitution;

> 113.    Issue a judgment declaring that FSA's conduct of undermining,
> interfering with, and refusing to carry out the Hearing Officer
> Determination is arbitrary, irrational, capricious, and not in accordance
> with the law and in direct violation of NAD legislation and the
> Administrative Procedures Act;

> 114.    Enforce the National Hearing Officer Determination pursuant to 7
> U.S.C. § 6999 by either:

>> (A)    Ordering the Farm Service Agency to consider [Plaintiff's]
>> request for a conservation plan extension/modification (pursuant
>> to Hearing Officer determination 2007W000521); or

>> (B)    Issuing an injunction requiring the Secretary to retroactively
>> reinstate [Plaintiff's] CRP contract and provide [Plaintiff] all
>> benefits deriving there from;

> 116.    Award [Plaintiff] reasonable attorneys' fees and costs pursuant to the
> Equal Access to Justice Act, 28, U.S.C. § 24.12

[Doc 26 at 25-26] Defendant makes two responses.  First, Defendant challenges this Court's subject matter jurisdiction based on Plaintiff's failure to exhaust administrative remedies and the lack of a final agency decision.  [Doc 39 at 19]  Second, Defendant maintains that the agency decisions are not arbitrary and capricious.  [Id. at 22]  Because the Court concludes that Plaintiff has failed to exhaust administrative remedies, Defendant's second position is not addressed.

> Under the Administrative Procedures Act (APA),
>
> [a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review.  A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action.

5 U.S.C. § 704.  Prior to seeking judicial review, however, a plaintiff is required to exhaust administrative remedies.  See 7 U.S.C. § 6912(e)(1) ("Notwithstanding any other provision of law, a person shall exhaust all administrative appeal procedures established by the Secretary or required by law before the person may bring an action in a court of competent jurisdiction against . . . the Secretary. . . .").  In the Department of Agriculture regulatory scheme, "[a] final determination of the [NAD] shall be reviewable and enforceable by any United States District Court of competent jurisdiction in accordance with chapter 7 of title 5, United States Code."  7 C.F.R. § 11.13(a).  Nevertheless, "[a]n appellant may not seek judicial review of any agency adverse decision appealable under this part without receiving a final determination from the [NAD] pursuant to the procedures of this part."  7 CFR § 11.13(b).

Plaintiff points out that the NAD order states that it is a "final determination," and thus, he assumes that the decision was final for the purposes of exhaustion of remedies. [Doc 40 at 9]  Despite the language of the order, the NAD decision—to remand to the County Committee—was not a "final determination."  See Potash Ass'n of N.M. v. United States Dep't of Interior, No. 08-2260, 2010 WL 702423, * 3 (10th Cir. March 2, 2010) (observing that "an agency action is not final—and thus not reviewable—if it serves to initiate further proceedings necessary for a final determination of the parties' rights" and further determining that "a remand within an agency does not consummate agency action when the agency has not definitively resolved the merits of the case" (internal quotation marks and citation omitted)).  The NAD decision did not resolve the merits of the case, but instead ordered that the County Committee make additional findings.  Thus, this Court is not yet empowered to review the matter—Plaintiff must first obtain a "final determination" from the NAD.

This case is similar to the recent matter addressed by our Circuit, Kroskob v. United States Dep't of Agriculture, No. 09-1209, 2010 WL 1981013 (10th Cir. May 19, 2010) (unpublished).  In that case, the plaintiffs attempted to restructure a family farm loan.  Id. at * 1.  After the FSA issued a decision, which denied the plaintiffs' loan application, the plaintiffs appealed to the NAD.  Id.  The NAD concluded that the FSA had used incorrect information in order to reach its decision.  Id.  From the record before it, however, the NAD could not determine whether the plaintiffs qualified for debt restructuring.  Id.  As a result, the NAD remanded the matter to the FSA.  Id.  The plaintiffs and the FSA met and "discussed the matter," but "no new decision was forthcoming from the FSA."  Id. at * 2.

The plaintiffs filed suit in the district court in order to compel the agency to take action.  Id.
During the pendency of the district court action, the FSA issued a decision, and the district
court determined that the suit to compel action was moot.  Id.

Our Tenth Circuit Court of Appeals agreed that the suit was moot, but the Court
further addressed the plaintiffs' argument that the district court had "misapprehended the
relief they sought."  Id.  The plaintiffs argued on appeal that the district court should have
considered whether the agency improperly implemented the NAD's remand order.  Id. at *
3.  Our Circuit stated that "[t]he problem with this argument is that it challenges an ongoing
agency action for which no final determination has been made."  Id.  The Court continued
and explained that the "agency ha[d] not fully resolved their claim," and as a result, the
plaintiffs had "failed to exhaust their administrative remedies."  Id.  So too, here, Plaintiff
has failed to exhaust his administrative remedies—the central issue, whether Plaintiff
is entitled to CRP modification or reinstatement, has not been addressed by the NAD.

Plaintiff argues that the APA "authorizes a suit by a person adversely affected by
'agency action'" and that "a court under the APA can compel agency action 'unlawfully
withheld.'"  [Doc 40 at 12]  For support, Plaintiff cites 5 U.S.C. § 702 and 5 U.S.C. § 706(1).
Section 702 states the following:

> A person suffering legal wrong because of agency action, or adversely affected
> or aggrieved by agency action within the meaning of a relevant statute, is
> entitled to judicial review thereof.  An action in a court of the United States
> seeking relief other than money damages and stating a claim that an agency or
> an officer or employee thereof acted or failed to act in an official capacity or
> under color of legal authority shall not be dismissed nor relief therein be
> denied on the ground that it is against the United States or that the United

> States is an indispensable party.  The United States may be named as a
> defendant in any such action, and a judgment or decree may be entered against
> the United States:  *Provided*, That any mandatory or injunctive decree shall
> specify the Federal officer or officers (by name or title), and their successors
> in office, personally responsible for compliance.  Nothing herein (1) affects
> other limitations on judicial review or the power or duty of the court to dismiss
> any action or deny relief on any other appropriate legal or equitable ground;
> or (2) confers authority to grant relief if any other statute that grants consent
> to suit expressly or impliedly forbids the relief which is sought.

In relevant part, § 706(1) provides that "[t]o the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action.  The reviewing court shall . . . compel agency action unlawfully withheld or unreasonably delayed. . . ."

The Supreme Court of the United States addressed these statutory provisions in Norton v. S. Utah Wilderness Alliance, 542 U.S. 55, 61-72 (2004).  In Norton, the plaintiffs argued that an agency had failed to take particular required actions.  The Norton Court began its analysis by noting that " [f]ailures to act are sometimes remediable under the APA, but not always."  Id. at 61.  The Court further observed that a plaintiff could seek review of a "*final* agency action" in cases "[w]here no other statute provides a private right of action." Id. at 61-62 (internal quotation marks and citation omitted).  Under § 706(1), the Court provided the following example:  "when an agency is compelled by law to act within a certain time period, but the manner of its action is left to the agency's discretion, a court can compel the agency to act, but has no power to specify what the action must be."  Id. at 65.

Plaintiff here contends that the Court is empowered by § 706(1) to "order the United States Department of Agriculture to reconsider his request for conservation plan modification using 2 CRP Paragraph 464 and while bound by the findings of fact contained in that determination." [Doc 40 at 13]  Essentially, Plaintiff maintains that the County Committee was required by law—the NAD order—to take certain action (to reconsider the request for conservation plan modification and to make a good faith determination), that the County Committee and the State Committee failed to comply with the NAD order, and that this Court is therefore in a position to "compel the agency to act" in accordance with the order. Plaintiff, however, disregards the limitations of § 706(1).

As the Norton Court noted, in order for § 706(1) to apply, there must be a final agency action.  As has already been explained, there is currently no final action.  Further, § 706(1) becomes applicable "where no other statute provides a private right of action."  Norton, 542 U.S. at 61.  Indeed, the language of § 706(1) cautions that "[n]othing herein . . . affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground. . . ."  Thus, § 706(1) does not permit a plaintiff to circumvent or disregard the statutory exhaustion requirements.  See 7 U.S.C. § 6912(e)(1).

Plaintiff also argues that he will be "forever denied due process of law" if he is required to "seek and perhaps receive another decision by the [NAD] that the County Committee should reconsider his request . . . [s]o the County Committee can refuse, and the state committee can refuse, and then he can appeal again, .. and again, . . . . and again." [Doc

40 at 11] Plaintiff appears to be arguing that continuing to utilize the administrative process is futile. See Forest Guardians v. United States Forest Serv., 579 F.3d 1114, 1121-22 (10th Cir. 2009) (discussing a number of potentially applicable exceptions to the exhaustion requirement of § 6912(e)). The Court is not persuaded. Futility, "in the sense in which courts have applied this exhaustion exception," refers to the agency's statutory "authority or . . . ability to resolve the challenge. . . ." Forest Guardians, 579 F.3d at 1222. The NAD has the authority to determine whether Plaintiff was properly denied relief by the County and State Committees, see 7 C.F.R. § 11.3(a)(1), and it will be able to issue further orders that "the head of the agency shall implement . . . not later than 30 days after the effective date of the notice of the final determination." 7 U.S.C. § 7000(a); see also Kroskob, 2010 WL 1981013, * 4 (concluding that the plaintiffs could "argue to the agency that the FSA failed to comply with the NAD's remand decision"). Thus, even if this Court recognized a futility exception to the exhaustion doctrine—which our Tenth Circuit Court of Appeals has not—Plaintiff's current arguments do not fit the futility rubric. See Forest Guardians, 579 F.3d at 1122 ("Even assuming that we could bypass § 6912(e)'s express direction, no exception is warranted on the facts of this case.").

## III.  CONCLUSION

Because Plaintiff has failed to exhaust his administrative remedies and because there is as yet no final agency action, Plaintiff's requests for relief are denied.

**IT IS THEREFORE ORDERED THAT** *Plaintiff, Robert Abercrombie's First Amended Complaint* [Doc 26] is dismissed without prejudice.

**SO ORDERED** this 31st day of August, 2010, in Albuquerque, New Mexico.


M. CHRISTINA ARMIJO
United States District Judge